WILLIAM I. PUSEY, PLAINTIFF-RESPONDENT, v. CHARLES R. MOORE, DEFENDANT-APPELLANT.

Submitted July 10, 1916—Decided November 20, 1916.

Where there was testimony to show that defendant offered plaintiff $75 a month to work for him as manager of a hotel, and that for a period of time thereafter the plaintiff performed the services of manager, the trial judge was warranted in finding that the plaintiff had accepted the offer of the defendant and had performed services under an express contract.

On appeal from the Supreme Court.

For the appellant, *Clarence L. Cole.*

For the respondent, *Irving P. Parsons.*

The opinion of the court was delivered by

KALISCH, J. The question mooted on this appeal from the Supreme Court, and which was raised in the former court and in the District Court of Atlantic City where the action was originally brought, is, whether or not there was any evidence before the trial judge that warranted a finding by him that the contract upon which the respondent sued and recovered a judgment against appellant in the District Court, was accepted by the respondent.

The state of the case agreed upon between the parties shows that the respondent's original action against appellant was for work and labor performed by him for the appellant, as set forth in the state of demand and which is referred to as a part of the state of the case.

The state of demand discloses that the respondent's action was founded on his claim for services rendered by him, for the appellant, from July 24th, 1914, to September 24th, 1914, and which services the respondent claimed were reasonably worth $150.

The state of the case then contains this language: "During the course of the trial, plaintiff, in order to have his proof and allegation in harmony, moved to amend his demand by setting up an express contract; which motion was allowed," &c. The amended state of demand, also, made part of the state of the case, sets forth that the respondent claims wages due him as manager of the respondent's hotel from the 28th day of July, 1914, to the 28th day of September, 1914, at $75 a month, pursuant to an agreement made with the appellant, whereby the appellant agreed to pay the respondent that amount or more if the business warranted it.

The state of the case further discloses that a few days prior to July 28th, 1914, the respondent was a boarder and lodger at appellant's hotel at appellant's request, and that on the 27th day of July, 1914, in a conversation had by the respondent with appellant, the appellant told respondent that things were not going right in the hotel and that he was not doing any business and that he, appellant, needed somebody to manage the place, whereupon the following colloquy between them took place: "I (respondent) told Mr. Moore I have an offer now of $75 a month and board, and I says I will pay you for my room and board. Mr. Moore, he says, 'Pusey, you stick by me; I will do better than that for you; I want some man to run this place for me.' He also said, 'You stick by me and I will give you $75 a month or more if the business warrants it.'" The state of the case then continues: "The defendant denied that there was any contract between him and the plaintiff, except that he had promised to give plaintiff board and lodging so long as he remained with him." From this it has been argued for the appellant that because preceding the recitation of the plaintiff's testimony in the District Court above set forth, there is the statement that that testimony is the only testimony in support of the claim of an express contract that we are bound by that statement, and are to assume that there was no testimony to the effect that the respondent had accepted the terms offered him by the appellant and entered upon the performance of them. This contention is without merit. The entire record of the District Court is before us. As has been pointed out the agreed state of the case made the original state of demand and the amended state of demand a part of it. The state of the case inferentially shows that the plaintiff in the District Court made proof under his original state of demand and by reference to the original state of demand we find that the plaintiff claimed for services actually performed by him for the appellant between July 28th, 1914, and September 28th, 1914, but as he founded his claim on a *quantum meruit,* whereas it appeared from the proof that there was a contract, the original state

of demand was amended, "in order to have his proof and allegation in harmony," as stated in the agreed state of the case.

In order to ascertain what the plaintiff's proof was under the original state of demand we must turn to the amended one, which, according to the agreed state of the case, embodies the allegations conformable to the proof under the original, and from which amended state of demand it appears that the respondent acted as manager of appellant's hotel for two months under an agreement that the respondent was to receive $75 a month, or more from the appellant, if business warranted it, and that the appellant promised to pay.

We think, therefore, there was proof warranting the finding of the trial judge that there was an express contract and that the respondent had performed services for the appellant under it.

Judgment of the Supreme Court will be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, MINTURN, KALISCH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ.    10.

*For reversal*—PARKER, BERGEN, JJ.    2.